NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA09-805

STATE OF LOUISIANA

VERSUS

LARRY JOHN BRUNO

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR118533
HONORABLE MARILYN CARR CASTLE, JUDGE

************

OSWALD A. DECUIR
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Michael Harson**
**District Attorney, 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**COUNSEL FOR APPELLANT:**
     **Larry John Bruno**

**Decuir, Judge.**

On April 1, 2009, the Defendant, Larry John Bruno, proceeded to trial on the charge of aggravated assault, a violation of La.R.S. 14:37. He was found guilty and was sentenced to serve six months in the parish jail. The following day, a motion for appeal was filed and subsequently granted by the trial court.

An appeal was lodged with this court on July 8, 2009. On July 13, 2009, this court issued a rule to show cause why the appeal in this case should not be dismissed, as the judgment at issue is not appealable. In a response received on August 4, 2009, appellate counsel acknowledged the offense at issue was in fact a misdemeanor and the Defendant is not entitled to an appeal in this matter.

We find that the judgment at issue herein is not appealable pursuant to La.Code Crim.P. arts. 912 and 912.1. Therefore, the appeal in the above-captioned case is hereby dismissed. The Defendant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4-3, within thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION**.